UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWARD ADAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 1:25-cv-01698-SEB-TAB |
| v. | ) | |
| | ) | |
| TOTAL RENAL CARE, INC. d/b/a INDY SOUTH DIALYSIS, GMR GREENWOOD EMERSON, LLC, and CBRE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

# **FIRST AMENDED COMPLAINT FOR DAMAGES**

Comes now the plaintiff, Edward Adam, by counsel, Ken Nunn Law Office, and for cause of action against the defendants, Total Renal Care, Inc. d/b/a Indy South Dialysis, GMR Greenwood Emerson, LLC, and CBRE, Inc., alleges and says:

1. That on or about May 14, 2025, the plaintiff, Edward Adam, was a visitor at the DaVita Indy South Dialysis, located at 972 Emerson Pkwy, Ste E, in Greenwood, Johnson County, Indiana.

2. That on or about May 14, 2025, the plaintiff, Edward Adam, was walking into the building at said location when the automatic door broke and/or malfunctioned and closed before he could successfully maneuver through the entryway. The plaintiff was then knocked over by said door and fell to the ground, causing plaintiff to suffer severe injuries.

3. That it was the duty of the defendants to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in his lawful use of same.

4. That it was the duty of the defendants to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

5. That it was the duty of the defendants to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

6. That it was the duty of the defendants to warn plaintiff of the dangerous and unsafe condition existing on said premises.

7. That the defendants knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

8. That the incident and resultant permanent injuries of plaintiff were caused by the negligence of the defendants who failed to utilize reasonable care in the inspection and maintenance of said premises.

9. That the aforesaid acts of negligence on the part of the defendants were the proximate cause of the injuries sustained by the plaintiff.

10. That the plaintiff has incurred medical expenses, lost wages and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendants' negligence.

WHEREFORE, the plaintiff demands judgment against the defendants for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE

BY: *s/ Madisyn Harsh*

Madisyn Harsh, #37044-40
James Hurt, #34385-89
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
Phone: (812) 332-9451
Fax: (812) 331-5321
madisynh@kennunn.com
jamesh@kennunn.com

## CERTIFICATE OF SERVICE

I affirm, under the penalties of perjury, that on October 24, 2025, service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or attorney of record
herein via email.

Leslie B. Pollie
lbpollie@kopkalaw.com

Cameron Huffman
cshuffman@kopkalaw.com

Richard Skiles
rskiles@skilesdetrude.com

BY: *s/ Madisyn Harsh*

Madisyn Harsh, #37044-40
James Hurt, #34385-89
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
Phone: (812) 332-9451
Fax: (812) 331-5321
madisynh@kennunn.com
jamesh@kennunn.com